UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FILED
US DISTRICT COURT
WESTERN DISTRICT CLERK
DEC 30 PM 12

| | |
|---|---|
| CYNTHIA JENKINS<br>3767 Powell Avenue<br>Louisville, KY 40215<br><br>     Plaintiff,<br><br>v.<br><br>CITY OF LOUISVILLE<br>City Hall, 601 W. Jefferson Street<br>Louisville, KY 40202<br><br>SERVE: Honorable Jerry Abramson, Mayor<br>    601 W. Jefferson Street<br>    Louisville, KY 40202<br><br>SERVE: Irvin G. Maze<br>    2086 Hall of Justice<br>    600 W. Jefferson Street<br>    Louisville, KY 40202<br><br>and<br><br>WILLIAM S. CARCARA, Individually<br>and in his official capacity as the<br>Jefferson County Chief of Police<br>768 Barret Avenue<br>Louisville, KY 40204<br><br>and<br><br>RONALD RICUCCI, individually<br>and in his official capacity as the<br>Jefferson County Chief of Police<br>24 W. Main Street<br>Front Royal, VA 22630<br><br>SERVE: Via Kentucky Secretary of State<br>    Summonses Branch<br>    700 Capital Avenue, Suite 86<br>    Frankfort, KY 40601<br><br>and | CASE NO. 3:05 CV 837-C<br><br>**COMPLAINT** |

```
MARK A. WATSON, individually            )
And in his official capacity as a       )
Metro Narcotics Officer                 )
Lee Adjustment Center                   )
2648 Fairground Ridge Road              )
P.O. Box 900                            )
Beattyville, KY  41311-0900             )
                                        )
and                                     )
                                        )
CHRISTIE A. RICHARDSON, individually    )
And in her official capacity as a       )
Metro Narcotics Officer                 )
9517 Dabney Carr                        )
Louisville, KY  40299                   )
                                        )
                    Defendants.         )
_____)
```

Comes the Plaintiff, by counsel, and for her Complaint against Defendants, City of Louisville, William S. Carcara, Ronald Ricucci, Mark A. Watson and Christie A. Richardson, states as follows:

## I.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and §1367 as Plaintiff's Complaint primarily involves issues of federal law and pendent state law claims, all arising from conduct occurring in Louisville, Jefferson County, Kentucky. Venue is proper pursuant to 28 U.S.C. §1391 as the subject events occurred within the Western District of Kentucky.

## II.

## PARTIES

2. Cynthia Jenkins is, and at all times relevant herein was, a resident of Louisville, Jefferson County, Kentucky.

3. Defendant, City of Louisville, at all times relevant herein was a municipality located within the Western District of Kentucky having shared responsibility over the police officers and police departments involved in this action.

4. Defendant, William S. Carcara, at all times relevant herein was a Chief of the Jefferson County Police, a police organization having shared responsibility over the Louisville Metro Narcotics Unit.

5. Defendant, Ronald Ricucci, at all times relevant herein was Chief of the Jefferson County Police Department, a police organization having shared responsibility over the Louisville Metro Narcotics Unit.

6. Defendant, Mark A. Watson, at all times relevant herein was a Louisville Metro Narcotics police officer and a resident of Louisville, Jefferson County, Kentucky.

7. Defendant, Christie A. Richardson, at all times relevant herein was a Louisville Metro Narcotics police officer and a resident of Louisville, Jefferson County, Kentucky.

## III.

## RELEVANT FACTS

8. On or about March 17 or 18, 1999, Louisville Metro Narcotics Officers Mark A. Watson and Christie A. Richardson (hereinafter "Watson and Richardson"), acting under the color of their authority as police officers, illegally gained entrance into Plaintiff Jenkins' home pursuant to an allegedly valid search warrant. As a result of the illegal entry, search and seizure, Plaintiff Jenkins was charged with violating various provisions of Kentucky's Controlled Substances Act and was subsequently indicted on those various charges. Additionally, pursuant to the illegal search predicated on the fraudulent search warrant, Detectives Watson and Richardson illegally seized over $50,000.00 in property, including cash, from Plaintiff Jenkins.

9. Ultimately, in the summer of 1999, Plaintiff Jenkins, unaware of Watson and Richardson's fraudulent and illegal conduct in connection with Plaintiff Jenkins' investigation and arrest, pleaded guilty to charges stemming from the aforementioned arrest and was sentenced to five years, which sentence was probated.

10. In or about January of 2002, Plaintiff Jenkins learned that her conviction and sentence were overturned due to Watson and Richardsons' fraudulent representations to the Court in obtaining the search warrant for Plaintiff Jenkins' property. Specifically, Watson and Richardson misrepresented information regarding a confidential informant in order to illegally obtain the search warrant. After its investigation, the Commonwealth of Kentucky moved to overturn Plaintiff Jenkins' conviction and set aside her sentence.

11. Subsequent to the Commonwealth of Kentucky overturning Plaintiff Jenkins' conviction, Plaintiff Jenkins was reimbursed for the loss of the majority of her property. However, Plaintiff Jenkins suffered damages in terms of money and resources spent defending the illegal and ill-conceived prosecution, as well as severe physical and emotional pain and suffering as a result of her illegal arrest, seizure, prosecution, plea and sentencing.

## IV.

## CAUSES OF ACTION

12. Defendants, Officers Watson and Richardson, under their color of authority as Louisville Metro Narcotics Police Officers, in a joint task force between the City of Louisville and Jefferson County, deprived Plaintiff Jenkins of her civil rights under 42 U.S.C. §1983 and the United States and Kentucky Constututions.

13. Watson and Richardson's above-referenced illegal conduct also constituted fraud, by and through Watson and Richardson's material misrepresentations to Jenkins upon which Jenkins

4

relied to her detriment throughout her pending criminal matter; conversion of Jenkins' property by and through Watson and Richardson's illegal seizure of cash, false imprisonment, invasion of privacy and intentional infliction of emotional distress.

14. Plaintiff Jenkins further alleges that the City of Louisville, Jefferson County and Chiefs Ronald Ricucci and William S. Carcara, individually, deprived Plaintiff Jenkins of her civil rights under 42 U.S.C. §1983, and the United States and Kentucky Constitutions and are otherwise liable for the common law claims enumerated above herein, all for their negligence and maintenance of a policy and or custom of deliberate indifference regarding the rights and safety of the citizens of Louisville, including but not limited to their failure to prevent Watson and Richardsons' conduct and their subsequent ratification of said conduct.

15. The constitutional deprivations noted above resulted from the Defendants' policy and/or custom to inadequately train and supervise officers operating in the Louisville Metro Narcotics Unit, as well as a similar policy and/or custom of failing to investigate and remedy misconduct perpetrated by officers in that unit, including Defendants Watson and Richardson.

16. The Defendants, City of Louisville, William S. Carcara and Ronald Ricucci, likewise have maintained a policy and/or custom of failure to implement procedures and standards for the protection of the citizenry from the subject misconduct which failure constituted deliberate indifference.

17. As a direct and proximate result of the failure of Defendants, City of Louisville, William S. Carcara and Ronald Ricucci, to adequately train and/or supervise Defendants, Watson and Richardson, Defendants, City of Louisville, Ronald Ricucci and William S. Carcarra, in their individual and official capacity, deprived Plaintiff of her rights guaranteed to her under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

18. As a result of Defendants' willful and gross misconduct, Plaintiff is entitled to recover punitive damages for Defendants' deprivation of Plaintiff's civil rights.

19. Pursuant to 42 U.S.C. §1988, Plaintiff is entitled to reasonable attorney fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendants for all compensatory, special and punitive damages to which she is entitled, trial by jury, Plaintiff's costs and fees expended herein and any and all other relief to which Plaintiff may otherwise appear entitled.

    Respectfully submitted,

    _____
    BILL V. SEILLER
    CHRISTOPHER A. BATES
    SEILLER WATERMAN, LLC
    Meidinger Tower, 22nd Floor
    462 S. Fourth Street
    Louisville, Kentucky 40202
    Telephone: (502) 584-7400
    E-mail: seiller@derbycitylaw.com
    Attorneys for Plaintiff

G:\doc\BVS\Boyer\Jenkins\Pldgs\Complaint.wpd

Kentucky Department of Corrections - Offender Online Lookup System   Page 1 of 3



**KENTUCKY**
DEPARTMENT of CORRECTIONS
OFFENDER ONLINE LOOKUP SYSTEM

Home



Offender Detail Listing
Information current as of 12/28/2005 11:00 AM

**NOTICE: Inmate data newer than 120 days might not have been finalized**

## Offender Information

```
Name:             WATSON, MARK A
Inmate SPN/ID:    129664 / 163341
Facility:         Lee Adjustment Center
Age:              42
Race:             White
Gender:           Male
Eye Color:        Green
Hair Color:       Brown
Height:           6' 00"
Weight:           210lbs.
Inst Start Date:  03/25/2003

For facility address and telephone numbers, tentative release
dates and parole eligibility dates please call the Vineline
(Victim Information and Notification Everyday) at 1-800-511-1670.
```



-------- Offender Ph
-------

## Aliases

No aliases found for this offender.

## Conviction Information

**Offense Number 1**

Indictment Count: 005

| Indictment #: 02CR0634<br>Crime Date: 02/01/2002<br>Conviction Date: 03/24/2003<br>Conviction County: Jefferson | KRS Code: 523.020<br>Felony Class: D<br>Sentence Length: 0005 years 00 mo 00 days |
|---|---|
| Offense: PERJURY IN THE 1ST DEGREE | |

| Offense Number 2 | |
|---|---|
| Indictment #: 02CR0634<br>Crime Date: 02/01/2002<br>Conviction Date: 03/24/2003<br>Conviction County: Jefferson | Indictment Count: 133<br>KRS Code: 519.060<br>Felony Class: D<br>Sentence Length: 0005 years 00 mo 00 days |
| Offense: TAMPERING WITH PUBLIC RECORDS | |

| Offense Number 3 | |
|---|---|
| Indictment #: 02CR0634<br>Crime Date: 02/01/2002<br>Conviction Date: 03/24/2003<br>Conviction County: Jefferson | Indictment Count: 006<br>KRS Code: 514.050<br>Felony Class: D<br>Sentence Length: 0005 years 00 mo 00 days |
| Offense: THEFT BY DECEPTION > $ 300 | |

| Offense Number 4 | |
|---|---|
| Indictment #: 02CR0634<br>Crime Date: 02/01/2002<br>Conviction Date: 03/24/2003<br>Conviction County: Jefferson | Indictment Count: 021<br>KRS Code: 511.030<br>Felony Class: C<br>Sentence Length: 0010 years 00 mo 00 days |
| Offense: BURGLARY IN THE 2ND DEGREE | |

| Offense Number 5 | |
|---|---|
| Indictment #: 02CR0634<br>Crime Date: 02/01/2002<br>Conviction Date: 03/24/2003<br>Conviction County: Jefferson | Indictment Count: 133<br>KRS Code: 516.060<br>Felony Class: D<br>Sentence Length: 0005 years 00 mo 00 days |
| Offense: CRIM POSS OF FORGED INST-2ND DEGREE | |

| Offense Number 6 | |
|---|---|
| Indictment #: 02CR0634<br>Crime Date: 02/01/2002<br>Conviction Date: 03/24/2003<br>Conviction County: Jefferson | Indictment Count: 001<br>KRS Code: 524.020<br>Felony Class: D<br>Sentence Length: 0005 years 00 mo 00 days |
| Offense: BRIBING A WITNESS | |

## Parole Information

**No parole information found for this offender.**

[Return to Listing]  [Return to Search]

```
This Page Only - Last Update:    11/30/2004 1:14:09 PM
Send comments and suggestions to KOOL Resource Team
```

Copyright © 2004 Commonwealth of Ker
All rights res

Lee Adjustment Center
2648 Fairground Ridge Road
P.O. Box 900
Beattyville, Kentucky 41311-0900
Phone: 606-464-2866
Fax: 606-464-9654

1.

Case 3:05-cv-00837-JBC-JDM   Document 1   Filed 12/30/05   Page 10 of 10 PageID #: 10